

# NUMBER 13-23-00046-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

YODER FORD, INC.,                                                    Appellant,

v.

ESMERALDA GERTRUDIS ESPINOSA,                          Appellee.

## ON APPEAL FROM THE 92ND DISTRICT COURT
## OF HIDALGO COUNTY, TEXAS

## MEMORANDUM OPINION

**Before Justices Longoria, Silva, and Peña**
**Memorandum Opinion by Justice Longoria**

Appellant Yoder Ford, Inc. (Yoder) appeals from the trial court's denial of its motion to dismiss pursuant to § 148.003(f) of the Texas Civil Practice and Remedies Code, the Pandemic Liability Protection Act (PLPA). We dismiss.

Appellee Esmeralda Gertrudis Espinosa served an expert report on Yoder in an attempt to comply with the expert report requirements of the PLPA. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 148.003(b). Yoder objected to the sufficiency of the report, asserting that the report lacked factual and scientific bases for the expert's opinions, and sought dismissal of the case. Espinosa responded to Yoder's objections and motion to dismiss. After a hearing, the trial court denied Yoder's motion to dismiss on January 20, 2023. Yoder initiated the instant appeal on January 27, 2023.

While the appeal was pending in this Court, Espinosa filed a proposed amended order which would allow her to amend her expert report. Yoder objected to the filing without a written motion. On March 17, 2023, the trial court issued an amended order, pursuant to Texas Rule of Appellate Procedure 29.5, finding "that [Espinosa's] expert report could benefit from providing further factual basis to alleviate [Yoder's] concerns and fully comply with the statute." The amended order gave Espinosa thirty days to amend her expert report to comply with the PLPA. Yoder moved this Court for an emergency stay of all trial court proceedings, which we granted on March 23, 2023. On March 29, Espinosa filed a "Motion to Remand" in this Court requesting that this Court "abstain[ ] from hearing this cause of action and remand[ ] the same" to the trial court due to the trial court's March 17, 2023 amended order, which we construe as a motion to dismiss. *See* TEX. R. APP. P. 42(a) (permitting dismissal of appeal for want of jurisdiction). Yoder responded, seeking review of the trial court's original order, arguing that the amended order did not vacate the original order and that Yoder is entitled to an interlocutory appeal as to the original order.

Texas Rule of Appellate Procedure 29.5, relied upon by the trial court in amending its order, provides that while an appeal from an interlocutory order is pending, "the trial court retains jurisdiction of the case and unless prohibited by statute may make further orders, including one dissolving the order complained of on appeal"; however, it also provides that the trial court "must not make an order that . . . interferes with or impairs the jurisdiction of the appellate court or effectiveness of any relief sought or that may be granted on appeal." TEX. R. APP. P. 29.5(b); *see Christus Spohn Health Sys. Corp. v. Rios*, No. 13-05-070-CV, 2005 WL 1039791, at *1 (Tex. App.—Corpus Christi–Edinburg May 5, 2005, no pet.) (mem. op.) (per curiam).

Yoder argues that the trial court's amended order did not include language that vacates the order that is the basis of this appeal. While it is correct that the amended order does not expressly vacate the January 20 order, it finds that the expert report does not "fully comply with the statute," and grants Espinosa thirty days to amend the report "to comply with the statute's requirements." The amended order thus does find a deficiency in the expert report provided by Espinosa and disposes of the sole issue on appeal: the sufficiency of the expert report. In *Christus Spohn*, we examined a similar set of facts:

> At the outset, we note that the trial court's [ ] order does, in fact, grant the relief requested by appellants: it states that there is a deficiency in the expert report. The [ ] order disposes in appellants' favor the sole issue on appeal (i.e., the sufficiency of the expert report). We therefore disagree with appellants' contention that the [ ] order interferes with and impairs the effectiveness of the relief sought on appeal. The relief sought on appeal (i.e., a ruling that the report is deficient) has already been granted by the trial court. A review by this Court of an issue on which both parties and the trial court agree would serve no cognizable judicial interest, as the issue has already been settled in appellants' favor.

*See* 2005 WL 1039791, at *1. Yoder, however, contends that the report fails to meet the "objective, good faith effort" standard, and "if a report does not meet the standard set in *Scoresby* [*v. Santillan*, 346 S.W.3d 546, 557 (Tex. 2011)] it is not an expert report under the [Medical Liability Act]," and thus allowing an amended report was an error. But under the PLPA:

> If a court determines that a report served under Subsection (b) does not represent an objective, good faith effort to provide a factual and scientific basis for the assertion that the defendant's failure to act caused the injured individual to contract a pandemic disease, the court may grant the claimant, on one occasion, a 30-day period to cure any deficiency in the report.

TEX. CIV. PRAC. & REM. CODE ANN. § 148.003(e). Accordingly, the statute allows the trial court to order the plaintiff to file an amended expert report even if if—indeed, only if—the report "does not represent an objective, good faith effort to provide a factual and scientific basis" for a plaintiff's claims. And to the extent that *Scoresby* would be applicable to a required expert report under the PLPA—which we need not decide today—the original report met *Scoresby*'s "minimal standard" of containing the opinion of an individual with expertise that the claim has merit and implicating the defendant's conduct. *See Scorseby*, 346 S.W.3d at 557.

Therefore, we conclude that the trial court's amended order grants the relief requested by Yoder by ruling that the expert report is deficient. Accordingly, based on the arguments advanced, we have no basis for concluding that the trial court's amended order violates rule 29.5. *See Christus Spohn*, 2005 WL 1039791, at *2. For the reasons above, we grant Espinosa's motion to dismiss this appeal. *See* TEX. R. APP. P. 42.3(a);

4

*Christus Spohn*, 2005 WL 1039791, at *2. Our March 23, 2023 stay of the trial court proceedings is accordingly lifted as of this date.[1]

NORA L. LONGORIA
Justice

Delivered and filed on the
30th day of December, 2024.

---

[1] We note that Espinosa attempted service of her amended expert report on Yoder on or about April 16, 2023. To the extent that Espinosa argues that Yoder did not raise any objections to her amended expert report, and as such has waived any objections thereto, *see* TEX. CIV. PRAC. & REM. CODE ANN. § 148.003(d) (requiring objections to be filed within 21 days of service), we disagree with this contention. Espinosa served her amended report after a stay was issued in this case on March 23, 2023, and as such, the report was not properly served on Yoder.